UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                        :
KSP INVESTMENTS, INC.                   :     CASE NO. 1:07-CV-857
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :     OPINION & ORDER
                                        :     [Resolving Doc. No. 53]
UNITED STATES OF AMERICA,               :
                                        :
        Defendant.                      :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 22, 2007, Plaintiff KSP Investments, Inc. ("KSP"), as the Tax Matters Partner of AWG Leasing Trust, filed a complaint against the United States of America ("United States"). [Doc. 1.] The complaint challenges the Internal Revenue Service's proposed tax adjustments to the Plaintiff's 1999, 2000, 2001, 2002 and 2003 tax returns to disallow interest and depreciation deductions the Plaintiff had claimed regarding the sale and leaseback of a waste-to-energy facility in Germany (the "Facility"). *Id.* The case is set for trial on January 21, 2008.

On December 13, 2007, the Plaintiff filed a motion for an order to exclude the opinion testimony of the Defendant's expert witnesses Thomas Lys ("Lys"), Morris Shinderman ("Shinderman"), and Matthias Heisse ("Heisse"). [Doc. 53.] The Defendant opposed the motion on December 17, 2007. [Doc. 56.] On December 26, 2007, the Plaintiff replied in support of its motion. [Docs. 68, 70, 71.] The Plaintiff then voluntarily withdrew its pretrial motion to exclude the testimony of expert witness Shinderman. [Doc. 71.]

-1-

Case No. 1:07-CV-857
Gwin, J.

For the following reasons, this Court **DENIES** Plaintiff KSP's motion to exclude the opinion testimony of the Defendant's expert witnesses Lys, Shinderman, and Heisse.

**I. Legal Standard**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Fed. R. Evid. 702. Under Rule 702, testimony based on specialized knowledge is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* The Rule sets three additional prerequisites to admissibility:

   (1)   the testimony must be "based upon sufficient facts or data,"
   (2)   the testimony must be "the product of reliable principles and methods," and
   (3)   the witness must have "applied the principles and methods reliably to the facts of the case."

*Id.*

The Supreme Court in *Daubert* established the standard for admissibility of scientific expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The requirement that "any and all scientific testimony or evidence admitted [be] not only relevant, but reliable," *id.* at 589, "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. This test has also been applied to non-scientific expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). The Sixth Circuit has held that, while the district court is not required to hold a *Daubert* hearing to determine the admissibility of expert testimony, the court must ensure that the disputed testimony is both relevant and reliable. *See Clay v. Ford Motor Co.,* 215 F.3d 663, 667 (6th Cir. 2000).

Here, Plaintiff has filed the depositions of Lys, Heisse, and Shinderman. [Docs. 60, 61, 63.] The parties have additionally provided the Court with these three experts' reports, which were also

Case No. 1:07-CV-857
Gwin, J.

earlier provided to the Plaintiff. The Court finds sufficient information to determine whether Lys, Shinderman, and Heisse are qualified to testify under Rule 702.

## II. Discussion

In its motion, Plaintiff KSP argues that the testimony proffered by the Defendant's expert witnesses Lys, Shinderman, and Heisse should be excluded to the extent that their testimony is based upon the testimony of the Defendant's other experts Karel Schweiss and Manfred Ernst. [Doc. 53.] The Plaintiff has moved separately to exclude the expert testimony of Schweiss and Ernst. [Docs. 54, 55.] The Plaintiff argues that "[t]o the extent that Lys, Shinderman, and Heisse rely upon the inadmissible conclusions of Ernst and Schweiss in formulating their own opinions, any testimony based thereon should likewise be excluded at trial." [Doc. 53 at 1.]

After the Government opposed the instant motion to exclude the testimony of Lys, Shinderman, and Heisse, the Plaintiff then filed three separate replies. [Docs. 68, 70, 71.] In its reply as to expert Shinderman, the Plaintiff voluntarily withdrew its motion to exclude his testimony. [Doc. 71.] In its reply as to expert Lys, the Plaintiff again argued that his testimony should be excluded because it relies upon the inadmissible testimony of experts Schweiss and Ernst. [Doc. 70.] In its reply as to expert Heisse, the Plaintiff raised the same argument and then also attacked for the first time Heisse's qualifications and his allegedly flawed methodology. [Doc. 68.]

The Court has already ruled that the opinion testimony of experts Schweiss and Ernst is admissible at trial because the expert witnesses are qualified and the testimony is sufficiently relevant and reliable. [Docs. 91, 92.] The Plaintiff's motion, therefore, is largely rendered moot because any reliance upon the Schweiss and Ernst reports by witnesses Lys and Heisse is not inherently improper for the reasons provided in this Court's previous orders.

-3-

Case No. 1:07-CV-857
Gwin, J.

The Plaintiff's remaining concerns about the weight that should be given to the opinion testimony of experts Lys and Heisse are best assessed through cross-examination in this bench trial. *See Daubert*, 509 U.S. at 596. As the Court has already pointed out, "mere 'weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility.'" *See McLean,* 224 F.3d at 801 (quoting *United States v. L.E. Cooke Co.,* 991 F.2d 336, 342 (6th Cir. 1993)). Indeed, the Sixth Circuit has held that "where the opinion has a reasonable factual basis, it should not be excluded. Rather, it is up to opposing counsel to inquire into the expert's factual basis." *L.E. Cooke Co.,* 991 F.2d at 342.

As to the challenges raised in the Plaintiff's reply regarding the qualifications and reliability of expert witness Heisse's testimony, the Court finds that such objections are not properly before the Court. Parties who fail to include an argument in an initial motion generally forfeit the argument. *See American Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004); *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir.1989) (internal citations omitted). By failing to raise its arguments as to the sufficiency of Heisse's qualifications and the reliability of his methodology until the reply brief, the Plaintiff has effectively denied the Government the opportunity to respond to this challenge.

In its initial motion, the Plaintiff stated that the motion "will require supplementation following the completion of discovery and the depositions of the Government's experts." [Doc. 53 at 1.] The Government, however, opposed this request, arguing that the Plaintiff's request is "not a request for leave to supplement, but is rather an untimely motion to extend the deadline for filing motions to disqualify experts." [Doc. 56 at 2.] This Court agrees with the Government. The parties agreed to exchange written expert witness reports on November 19, 2007. [Doc. 29.] At that time,

Case No. 1:07-CV-857
Gwin, J.

the Plaintiff presumably would have been in a position to challenge the qualifications of Matthias Heisse. Further, the Plaintiff deposed witness Heisse on December 12, 2007, but did not file its reply until December 26, 2007, after the Government had already opposed the Plaintiff's motion. [Docs. 61.] The Court therefore concludes that the Plaintiff forfeited its reply arguments regarding the pretrial exclusion of Matthias Heisse's opinion testimony.

As to the Plaintiff's contention that the expert testimony of Lys and Heisse should be excluded to the extent that they rely upon the expert reports of Ernst and Schweiss, this Court finds that the argument is moot. For the reasons stated in its previous orders, the Court has denied the Plaintiff's motions to exclude the opinion testimony of experts Ernst and Schweiss and thus the Plaintiff's instant motion must be denied as well.

### III. Conclusion

For the reasons stated above, this Court **DENIES** the Plaintiff's motion to exclude the opinion testimony of the Defendant's expert witnesses Thomas Lys, Morris Shinderman, and Matthias Heisse.

IT IS SO ORDERED.

Dated: January 18, 2008          s/  *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE